# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION-COLUMBUS

**IN RE:**

| | | |
|---|---|---|
| **Carl Wilde Mackey, Jr.** | * | Case No.   20-51518 |
| | * | Chapter 13 |
| Debtor(s) | * | Judge C. Kathryn Preston |

## MOTION TO EXTEND AUTOMATIC STAY BEYOND THIRTY DAYS COMBINED WITH NOTICE

Now comes the Debtor, Carl Wilde Mackey, Jr. ("Debtor"), by and through counsel, and requests this Court to Extend the Automatic Stay beyond thirty days as to all creditors pursuant to 11 U.S.C. 362 (c)(3). The reasons for this Motion are more fully set forth in the attached memorandum.

Respectfully submitted,

*/s/ Clay L. Woods*
_____
Attorney for Debtor(s)
**RICHARD E. WEST, CO., LPA**
Richard E. West, Esq. (0033319)
Stephen J. Malkiewicz, Esq. (0078836)
Clay L. Woods, Esq. (0078012)
Melanie L. Reitz, Esq. (0078852)
Central Office & Mailing Address
195 East Central Avenue
Springboro, Ohio  45066
bknotice@debtfreeohio.com
Phone:  937-601-0401
Fax:  937-552-2138

## **MEMORANDUM IN SUPPORT**

*Section 362 (c) (3) (B)* of the Bankruptcy Code provides that if Debtor had a case dismissed within the preceding 1-year period of their current case filing, then the court may extend the automatic stay beyond the 30 day period if Debtor demonstrates that, "the filing of the later case is in good faith as to the creditors to be stayed."

Good faith is determined by considering the totality of the circumstances as to whether subjective good faith exists based on the application of various good faith factors established through the following cases: *In Re Okoreeh-Baah, 836 F. 2d 1030 (6th Cir. 1988)*, *In re Caldwell*, 895 F. 2d. 1123 (6th Cir. 1990), *Ed Schory & Sons, Inc. v. Francis* (6th Cir. BAP 2002), *In re Carver*, 110 B.R. 305 (Bankr. S.D. Ohio 1988) and *In re Henry*, 328 B.R. 529 (Bankr. S.D. Ohio 2004). Further, there has been a substantial change in the Debtor's financial or personal affairs since the dismissal of his previous bankruptcy case. Debtor has set forth facts and circumstances that apply as well as a description of the Debtor's change in financial or personal affairs as follows:

   a. **The amount of the proposed payments and the amount of Debtor(s) surplus:** The expected duration of Debtor's plan is 60 months at a funding level of $635.00 per month, which Debtor anticipates will pay a dividend of 0.00% to his unsecured creditors. Debtor has contributed all of his disposable income to the plan.

   b. **Debtor(s) employment history, ability to earn and likelihood of future increase in income; sincerity; motivations and degree of effort; and ability to earn:** Debtor has steady income from a new job at Kenyon College as a Residential Life Coordinator.. Debtor expects that his employment and income to be reliable during his Chapter 13 Plan.

   c. **The probable or expected duration of the plan:** Debtor expects his Chapter 13 Plan to last approximately 60 months.

d. **The accuracy of the plan's statements of debts, expenses and percentage of repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court:** Debtor has accurately disclosed all assets, debts, income and expenses. Debtor is contributing all of his disposable income to his Chapter 13 Plan and anticipates that his unsecured creditors will receive an unsecured dividend of 0.00%.

e. **The extent of preferential treatment between classes of creditors:** Debtor has not provided any preferential treatment between classes of creditors in his Chapter 13 Plan.

f. **The extent to which secured claims are modified:** Debtor has not modified any secured claims.

g. **The type of debt to be discharged and whether any such debt is non-dischargeable in Chapter 7:** Debtor's Chapter 13 Plan does not contemplate discharging any debts that would otherwise be non-dischargeable in Chapter 7.

h. **The existence of special circumstances such as inordinate medical expenses:** Debtor moved to Ohio from the State of Illinois to find a more reliable job. Debtor is now employed full time with Kenyon College and has steady, reliable income.

i. **The frequency with which the debtors have sought relief:** Debtor has filed one previous bankruptcy case in the last 8 years. Debtor filed a 2017 chapter 13 case in the Northern District of Illinois that was dismissed in May, 2019.

j. **The motivation and sincerity of the debtors in seeking Chapter 13 relief:** Debtor has filed for Chapter 13 in order to effectively reorganize his debt into one affordable monthly payment. Debtor is behind vehicle payments and needs chapter 13 to catch up the payments. Debtor has disclosed all his assets and proposes to pay his unsecured creditors all of his income after deducting reasonable living expenses.

k. **The burden which the plan's administration would place upon the trustee:** Debtor does not anticipate that his filing will place an unreasonable burden upon the trustee.

l. **Whether the Debtor is attempting to abuse the spirit of the bankruptcy code:** Debtor does not believe any of his actions would be construed to abuse the spirit of the Bankruptcy Code. Debtor is utilizing the Bankruptcy Code to restructure his debt payments.

**Debtor respectively submits that there has been a substantial change in his financial and personal affairs and circumstances since the dismissal of the previous case.** In particular, Debtor was struggling to find consistent income while living in the Chicago area. He made timely payments in his previous case until he was unable to have reliable income. Debtor

moved to Ohio to seek reliable, full-time employment, which he secured at Kenyon College. Debtor plans to complete his plan in 60 months with regular monthly contributions from his employment.

   **WHEREFORE,** Debtor prays that this Court will enter an Order extending the stay under 11 U.S.C. 362 (c)(3) for the duration of the instant case and other relief as the Court shall deem appropriate.

            Respectfully submitted,

            */s/ Clay L .Woods*
            _____
            Attorney for Debtor(s)
            **RICHARD E. WEST, CO., LPA**
            Richard E. West, Esq. (0033319)
            Stephen J. Malkiewicz, Esq. (0078836)
            Clay L. Woods, Esq. (0078012)
            Melanie L. Reitz, Esq. (0078852)
            Central Office & Mailing Address
            195 East Central Avenue
            Springboro, Ohio  45066
            bknotice@debtfreeohio.com
            Phone:  937-601-0401
            Fax:  937-552-2138

## NOTICE OF MOTION TO EXTEND AUTOMATIC STAY BEYOND THIRTY DAYS

Counsel has filed a Motion to Extend Automatic Stay Beyond Thirty Days

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the Motion, then on or before **twenty–one (21) days from the date set forth in the certificate of service for the motion,** you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, U.S. Bankruptcy Court, Southern District of Ohio, 170 North High Street, Columbus, OH 43215 OR your attorney must file a response using the court's ECF System.

The court must receive your response on or before the above date.

You must also send a copy of your response either by 1) the court's ECF system or by 2) regular U.S. Mail to:

Carl Wilde Mackey, Jr., PO Box 1970, 1022 Gaskin Street, #1, Gambier, OH 43022
Clay L. Woods, PO Box 938 Springboro, OH 45066
Frank M. Pees, Chapter 13 Trustee, 130 E. Wilson Bridge Road, Suite 200, Worthington, OH 43085
Office of the U.S. Trustee, 170 North High St., Suite 200, Columbus, OH 43215

If you or your attorney do not takes these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief without further hearing or notice.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the **Motion to Extend Automatic Stay Beyond Thirty Days** was served on **March 18, 2020** to the following registered ECF participants, **electronically** through the court's ECF systems at the email address registered with the court:

- Asst US Trustee (Col):   ustpregion09.cb.ecf@usdoj.gov
- Frank M. Pees, Chapter 13 Trustee:   trustee@ch13.org

And on the following by **ordinary U.S. Mail** addressed to:

All parties listed on attached matrix

/s/   Clay L. Woods _____
Clay L. Woods, Esq.