**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



C. Kathryn Preston
United States Bankruptcy Judge

**Dated: October 27, 2020**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re | Case No. 20-51518 |
| Carl Wilde Mackey, Jr., | Chapter 13 |
| Debtor. | Judge Preston |

### ORDER DENYING APPLICATION FOR COMPENSATION (DOC. #37)

This cause came on for consideration of the *Application for Compensation* (the "Application") (Doc. #37) filed by Clay Woods, counsel for the Debtor. The Application seeks legal fees in the amount of $239.00 for services related to the filing of a motion to extend the automatic stay (the "Motion to Extend Stay"). The Court reviewed the record to find that counsel for Debtor elected to receive the "No-Look Fee" in this case pursuant to Local Bankruptcy Rule ("LBR") 2016-1(b)(2)(A). LBR 2016-1(b)(2)(A) and the "No-Look Fee" are designed to encompass the general

legal services that are performed and concluded prior to confirmation of a chapter 13 case without filing an application for fees with an itemization of those services. LBR 2016-1(b)(2)(A) states that "Upon confirmation of the plan, fees may be allowed . . . without further application . . . for services rendered." Pursuant to this rule, the *Order Confirming Chapter 13 Plan and Awarding Attorney Fees* entered June 25, 2020 (Doc. #33) awarded legal fees to Debtor's counsel in the amount of the "No-Look Fee".

In the alternative, an attorney may opt out of the "No-Look Fee" by filing an application for compensation with, among other things, an itemization of all legal services performed. Such an application must be filed no later than sixty days from the entry date of the confirmation order. LBR 2016-1(b)(2)(C). Clearly, attorneys must either choose to accept the "No-Look Fee" or opt out of the "No-Look Fee" for compensation for any services rendered up through confirmation of the Chapter 13 plan. The only exceptions to these alternatives is set forth in LBR 2016-1(b)(2)(A)(iv), (x), (xii) and (xiii), under which an attorney may accept the "No-Look Fee" and also seek a separate award of fees for services in connection with particular lien avoidance actions and certain other discrete matters. For any services rendered beyond those contemplated by LBR 2016-1(b)(2)(A) and (C), a request may be made by filing a separate application in accordance with LBR 2016-1(b)(3).

In this case, Mr. Woods is seeking additional attorney fees for services related to filing the Motion to Extend Stay under 11 U.S.C. § 362(c)(3). The Court may, upon request of a party in interest, extend the automatic stay as to all creditors after notice and a hearing provided that same are completed within thirty days of the filing of the voluntary petition. *See* 11 U.S.C. § 362(c)(3). Accordingly, any services rendered by an attorney for the filing of a motion to extend the automatic

stay necessarily fall within the scope of services contemplated by LBR 2016-1(b)(2)(A) or (C) because the motion must be filed within 30 days of the bankruptcy case being filed, long prior to confirmation of a plan. Allowing Mr. Woods to seek additional attorney fees for services rendered prior to confirmation of the plan while accepting the "No-Look Fee" would render the opt out provision in LBR 2016-1(b)(2)(C) surplusage and inconsequential. Therefore, Mr. Woods must either accept the "No-Look Fee" as compensation for his services for, among other things, the filing of the Motion to Extend Stay, or he should opt out of the "No-Look Fee" and itemize for all legal services provided prior to confirmation in accordance with LBR 2016-1(b)(2)(C). Accordingly, it is

**ORDERED AND ADJUDGED** that the *Application for Compensation* (Doc. #37) is denied without prejudice to counsel for the Debtor filing an application for allowance of fees that includes an itemization of all legal services performed in accordance with LBR 2016-1(b)(2)(C) within fourteen (14) days of the date of entry of this order if he so chooses.

**IT IS SO ORDERED.**

Copies to:
Default List